IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CIVIL ACTION NO. 1:20-CV-257-KDB-DCK

| | |
|---|---|
| **CARROLL DEAN PRESSLEY**, | ) |
| | ) |
| Plaintiff, | ) |
| | ) **MEMORANDUM AND** |
| v. | ) **RECOMMENDATION** |
| | ) |
| **KILOLO KIJAKAZI,** | ) |
| **Acting Commissioner of Social Security,** | ) |
| | ) |
| Defendant. | ) |
| | ) |

**THIS MATTER IS BEFORE THE COURT** on Plaintiff's "Motion For Summary Judgment" (Document No. 13) and "Defendant's Motion For Summary Judgment" (Document No. 14). This case has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. §636(b). After careful consideration of the written arguments, the administrative record, and applicable authority, the undersigned will respectfully recommend that Plaintiff's "Motion For Summary Judgment" be <u>denied</u>; that "Defendant's Motion For Summary Judgment" be <u>granted</u>; and that the Commissioner's decision be <u>affirmed</u>.

## I. BACKGROUND

Plaintiff Carroll Dean Pressley ("Plaintiff"), through counsel, seeks judicial review of an unfavorable administrative decision on her application for disability benefits. (Document No. 1). On or about April 27, 2016, Plaintiff filed an application for a period of disability and disability insurance benefits ("DIB") under Title II of the Social Security Act, 42 U.S.C. § 405, alleging an inability to work due to a disabling condition beginning October 18, 2015. (Transcript of the Record of Proceedings ("Tr.") 251). The Commissioner of Social Security (the "Commissioner" or "Defendant") denied Plaintiff's application initially on July 7, 2016, and again after

reconsideration on August 31, 2016. (Tr. 130, 136). In its "Notice of Reconsideration," the Social Security Administration ("SSA") included the following explanation of its decision:

> The medical evidence shows that your condition will not remain severe enough for 12 continuous months to be considered disabling. You are able to think, act in your own interest, communicate, handle your own affairs, and adjust to ordinary emotional stresses without significant difficulties. Although the condition is severe, it is not expected to remain disabling for at least twelve continuous months as the law requires.
> We do not have sufficient vocational information to determine whether you will be able to perform any of your past relevant work in the future. However, based on the evidence in file, we have determined that you will be able to adjust to other work.
>
> It has been decided, therefore, that you are not disabled according to the Social Security Act.

(Tr. 136).

Plaintiff filed a timely written request for a hearing on or about September 13, 2016. (Tr. 108, 143). On July 11, 2018, Plaintiff appeared and testified at a hearing before Administrative Law Judge Sherman D. Schwartzberg (the "ALJ"). (Tr. 45-76, 108). In addition, Kathleen Robbins, a vocational expert, and Gary Brown, Plaintiff's attorney, appeared at the hearing. Id.

The ALJ issued an unfavorable decision on September 27, 2018, denying Plaintiff's claim. (Tr. 105-123). Plaintiff filed a request for review of the ALJ's decision, which was granted by the Appeals Council, remanding the case to the ALJ, on October 4, 2019. (Tr. 124-127).

Following remand, the ALJ held a video hearing on March 9, 2020. (Tr. 15, 31-44). At the second hearing, Plaintiff was represented by attorney J. Scott Taylor, and Donna Bardsley, a vocational expert ("VE"), also appeared at the hearing. Id. The ALJ again issued an unfavorable decision on March 18, 2020. (Tr. 12-30). The second ALJ decision became the final decision of the Commissioner when the Appeals Council denied Plaintiff's request for further review on or about July 16, 2020. (Tr. 1).

Plaintiff's "Complaint" seeking a reversal of the ALJ's determination was filed in this Court on September 16, 2020. (Document No. 1). On October 5, 2020, the undersigned was assigned to this case as the referral Magistrate Judge.

Plaintiff's "Motion For Summary Judgment" (Document No. 13) and "Memorandum In Support of Plaintiff's Motion For Summary Judgment" (Document No. 13-1) were filed June 17, 2021; and "Defendant's Motion For Summary Judgment" (Document No. 14) and "Memorandum In Support Of Defendant's Motion For Summary Judgment" (Document No.15) were filed August 6, 2021. Plaintiff declined to file a reply brief, and the time to do so has lapsed. See Local Rule 7.2 (e).

The pending motions are ripe for disposition, and therefore, a memorandum and recommendation to the Honorable Kenneth D. Bell is now appropriate.

## II.    STANDARD OF REVIEW

The Social Security Act, 42 U.S.C. § 405(g) and § 1383(c)(3), limits this Court's review of a final decision of the Commissioner to: (1) whether substantial evidence supports the Commissioner's decision; and (2) whether the Commissioner applied the correct legal standards. Richardson v. Perales, 402 U.S. 389, 390 (1971); Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990).

The Fourth Circuit has made clear that it is not for a reviewing court to re-weigh the evidence or to substitute its judgment for that of the Commissioner – so long as that decision is supported by substantial evidence. Hays, 907 F.2d at 1456 (4th Cir. 1990); see also, Smith v. Schweiker, 795 F.2d 343, 345 (4th Cir. 1986); Hancock v. Astrue, 667 F.3d 470, 472 (4th Cir. 2012). "Substantial evidence has been defined as 'more than a scintilla and [it] must do more than create a suspicion of the existence of a fact to be established. It means such relevant evidence as

a reasonable mind might accept as adequate to support a conclusion.'" Smith v. Heckler, 782 F.2d 1176, 1179 (4th Cir. 1986) (quoting Perales, 402 U.S. at 401).

Ultimately, it is the duty of the Commissioner, not the courts, to make findings of fact and to resolve conflicts in the evidence. Hays, 907 F.2d at 1456; King v. Califano, 599 F.2d 597, 599 (4th Cir. 1979) ("This court does not find facts or try the case de novo when reviewing disability determinations."); Seacrist v. Weinberger, 538 F.2d 1054, 1056-57 (4th Cir. 1976) ("We note that it is the responsibility of the [Commissioner] and not the courts to reconcile inconsistences in the medical evidence, and that it is the claimant who bears the risk of nonpersuasion."). "[A] reviewing court must uphold the determination when an ALJ has applied correct legal standards and the ALJ's factual findings are supported by substantial evidence." Peace v. Berryhill, 2019 WL 2406626, at *1 (4th Cir. June 7, 2019) (quoting Brown v. Comm'r Soc. Sec. Admin., 873 F.3d 251, 267 (4th Cir. 2017)). Indeed, so long as the Commissioner's decision is supported by substantial evidence, it must be affirmed even if the reviewing court disagrees with the final outcome. Lester v. Schweiker, 683 F.2d 838, 841 (4th Cir. 1982).

### III. DISCUSSION

The question before the ALJ was whether Plaintiff was under a "disability" as that term of art is defined for Social Security purposes, between October 18, 2015, and April 1, 2017.[1] (Tr. 15). To establish entitlement to benefits, Plaintiff has the burden of proving that he was disabled within the meaning of the Social Security Act. Bowen v. Yuckert, 482 U.S. 137, 146 n.5 (1987).

---

[1] Under the Social Security Act, 42 U.S.C. § 301, the term "disability" is defined as an: inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months. Pass v. Chater, 65 F.3d 1200, 1203 (4th Cir. 1995) (quoting 42 U.S.C. § 423(d)(1)(A)).

The Social Security Administration has established a five-step sequential evaluation process for determining if a person is disabled. 20 C.F.R. § 404.1520(a). The five steps are:

(1) whether claimant is engaged in substantial gainful activity - if yes, not disabled;

(2) whether claimant has a severe medically determinable physical or mental impairment, or combination of impairments that meet the duration requirement in § 404.1509 - if no, not disabled;

(3) whether claimant has an impairment or combination of impairments that meets or medically equals one of the listings in appendix 1, and meets the duration requirement - if yes, disabled;

(4) whether claimant has the residual functional capacity ("RFC") to perform her/his past relevant work - if yes, not disabled; and

(5) whether considering claimant's RFC, age, education, and work experience he/she can make an adjustment to other work - if yes, not disabled.

20 C.F.R. § 404.1520(a)(4)(i-v).

The burden of production and proof rests with the claimant during the first four steps; if claimant is able to carry this burden, then the burden shifts to the Commissioner at the fifth step to show that work the claimant could perform is available in the national economy. Pass, 65 F.3d at 1203. In this case, the ALJ determined at the fifth step that Plaintiff was not disabled. (Tr. 24-25).

First, the ALJ determined that Plaintiff had not engaged in any substantial gainful activity between October 18, 2015, the alleged disability onset date, and April 1, 2017, "the date he returned to full-time employment." (Tr. 17). At the second step, the ALJ found that "back disorder

5

Case 1:20-cv-00257-KDB-DCK   Document 16   Filed 03/29/22   Page 5 of 11

status-post back surgeries and peripheral neuropathy" were severe impairments.[2] (Tr. 18). At the third step, the ALJ determined that Plaintiff did not have an impairment or combination of impairments that met or medically equaled one of the impairments listed in 20 C.F.R. 404, Subpart P, Appendix 1. (Tr. 19).

Next, the ALJ assessed Plaintiff's RFC and found that he retained the capacity to perform light work activity, with the following limitations:

> except standing four hours in an eight-hour workday and sitting six hours in an eight-hour workday allowing for a sit/stand option, with no climbing ladders, ropes, or scaffolds; occasional climbing ramps and stairs, balancing, stooping, kneeling, and crouching; no crawling; and avoiding concentrated exposure to hazards and vibration.

(Tr. 19). In making this finding, the ALJ specifically stated that he "considered all symptoms and the extent to which these symptoms can reasonably be accepted as consistent with the objective medical evidence and other evidence, based on the requirements of 20 CFR 404.1529 and SSRs 96-4p and 96-7p." Id.

At the fourth step, the ALJ held that Plaintiff could not perform his past relevant work involving "industrial maintenance repair (DOT 899.261-014)" "within the relevant time period" since it "was skilled vocationally and required heavy exertion." (Tr. 24). At the fifth and final step, the ALJ concluded based on the testimony of the VE and "[c]onsidering the claimant's age, education, work experience, and residual functional capacity" that jobs existed in significant numbers in the national economy that Plaintiff could perform. (Tr. 24-25). Specifically, the VE testified that according to the factors given by the ALJ, occupations claimant could perform

---

[2] The determination at the second step as to whether an impairment is "severe" under the regulations is a *de minimis* test, intended to weed out clearly unmeritorious claims at an early stage. See Bowen v. Yuckert, 482 U.S. 137 (1987).

included a packer, a rental clerk, and an assembler of small products." (Tr. 25). Therefore, the ALJ concluded that Plaintiff was not under a "disability," as defined by the Social Security Act, between October 18, 2015, and the date of his second decision in this case, March 18, 2020. (Tr. 25).

Plaintiff on appeal to this Court makes a single assignment of error: "[t]he ALJ committed prejudicial and reversible error by ignoring the opinions of his treating physician." (Document No. 13-1, p. 3).

Plaintiff argues that the ALJ failed "to consider and evaluate the complete medical opinion of Mr. Pressley's treating physician, Dr. Mark Moody," ("Dr. Moody"). (Document No. 13-1, p. 4). Later, Plaintiff argues more specifically that the ALJ erred by not giving Dr. Moody's "opinion more weight as to the ability to work." (Document No. 13-1, p. 7). Plaintiff acknowledges that the ALJ accepted Dr. Moody's assessment that he could not lift greater than 20 to 25 pounds, but asserts that the ALJ "remains silent as to other limitations or restrictions noted by the Plaintiff's doctor." Id. (citing Tr. 23).

According to Plaintiff, he should have been found disabled by the ALJ because "he was never released to return to work until six months after his last visit." (Document No. 13-1, p. 8). See also (Tr. 6789-679).

In response, Defendant asserts that "the ALJ properly evaluated the opinion of Dr. Mark Moody and substantial evidence supports the ALJ's conclusions that this opinion was generally consistent with Plaintiff being able to perform light work with enumerated limitations." (Document No. 15, p. 5) (citing Tr. 23). Defendant notes that Plaintiff "invites this court to reweigh the evidence because he disagrees with the ALJ's decision." Id. Defendant then further notes that "[o]pinions from medical sources on issues reserved to the Commissioner, such as

7

disability, are not entitled to any special weight." Id. (citing 20 C.F.R. § 404.1527(d); SSR 96-5p, 1996 WL 374183, at *2, 5 (July 2, 1996)).

Both sides agree that the ALJ accepted Dr. Moody's assessment that Plaintiff could not lift more than 20-25 pounds, which is "consistent with light work activity." (Document No. 15, p. 6) (citing Tr. 22-23) (citing Tr. 501, 645). However, Defendant also observes that Dr. Moody found "no specific limitations were given with regards to the claimant's ability to stand, walk, and sit" – which was supported by the evidence of record that "claimant reported improvement and examinations routinely revealed that he walked with a normal gait, straight leg raise was negative bilaterally, and strength and sensation were routinely normal." Id. (citing Tr. 23).

Defendant goes on to note that the ALJ's decision makes numerous references to Dr. Moody's opinions and other evidence of record from Carolina Spine and Neurosurgery Center. (Document No. 15, pp. 6-9) (citing Tr. 20-21) (citing Tr. 414-421, 422-440, 472-528, 474, 475-476, 479-481, 528-539, 542-558, 560-600, 612-621, 650-735)).

The undersigned finds Defendant's argument and citations to the record to be most persuasive.

Defendant correctly asserts that Dr. Moody opined that he had "held off of releasing [Pressley] back to work **at the paper mill** until the results of the MRI have been evaluated." (Document No. 13-1, p. 5) (quoting Tr. 527) (emphasis added). At that same appointment, Dr. Moody noted that Plaintiff had being doing yard work, including "1 hour of mulching w/o heavy lifting" and that he was "walking approximately 2 miles per day." (Tr. 526). Dr. Moody further noted that Plaintiff was not taking any narcotic pain medication; instead, he was "using ibuprofen when the pain is bothersome." Id.; see also (Tr. 23) (citing Tr. 501, 524, 526).

In addition, the ALJ noted that on or about October 7, 2016, during a visit to Dr. Moody's office – Carolina Spine & Neurosurgery Center – Plaintiff reported that "he had been sealing cracks in his driveway on his hands and knees, and that he had lifted an 80-pound concrete bag from his truck." (Tr. 23) (citing Tr. 701). Apparently, Advil reduced Plaintiff's subsequent pain by about half. (Tr. 701) see also (Tr. 671).

The ALJ opines that Plaintiff's "allegations of disabling pain and other symptoms are not entirely consistent with or supported by the totality of the evidence." (Tr. 23). In reaching that conclusion, the ALJ notes that Plaintiff's activities included: completing personal care, driving, taking medications, visiting with friends, attending church, paying bills, watching television, reading, and managing his funds. (Tr. 18 and 22).

Contrary to Plaintiff's assertion, the undersigned does not find that the ALJ *ignored* the opinions of his treating physician. Rather, the ALJ's decision, as noted by Defendant, indicates ample consideration of the opinions of Dr. Moody and Dr. Jones, as well as other evidence of record.

Based on the foregoing, the ALJ's conclusion appears to be supported by substantial evidence:

> While the claimant may not have been able to perform work activity immediately following surgery, the claimant was released to return to light duty. Additionally, the claimant was able to return to his prior heavy work in April 2017. While he may not have been able to perform his past work until April 2017, there is no indication that he would have been unable to perform light work activity as set forth above.

(Document No. 23).

The undersigned finds that the ALJ relied on substantial evidence to support this finding that Plaintiff could not do his past relevant work – which "required heavy exertion" – during the relevant time period, but he could perform other work, including light work.

## IV. CONCLUSION

The undersigned finds that there is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion," and thus substantial evidence supports the Commissioner's decision. Richardson v. Perales, 402 U.S. 389, 401 (1971); Johnson v. Barnhart, 434 F.3d 650, 653 (4th Cir. 2005). As such, the undersigned will recommend that the Commissioner's decision be affirmed.

## V. RECOMMENDATION

**FOR THE FOREGOING REASONS,** the undersigned respectfully recommends that: Plaintiff's "Motion For Summary Judgment" (Document No. 13) be **DENIED**; "Defendant's Motion For Summary Judgment" (Document No. 14) be **GRANTED**; and the Commissioner's determination be **AFFIRMED**.

## VI. TIME FOR OBJECTIONS

The parties are hereby advised that pursuant to 28 U.S.C. § 636(b)(1)(C), and Rule 72 of the Federal Rules of Civil Procedure, written objections to the proposed findings of fact, conclusions of law, and recommendation contained herein may be filed within **fourteen (14) days** of service of same. Responses to objections may be filed within fourteen (14) days after service of the objections. Fed.R.Civ.P. 72(b)(2). Failure to file objections to this Memorandum and Recommendation with the District Court constitutes a waiver of the right to *de novo* review by the District Court. Diamond v. Colonial Life, 416 F.3d 310, 315-16 (4th Cir. 2005); United States v. Benton, 523 F.3d 424, 428 (4th Cir. 208). Moreover, failure to file timely objections will preclude

the parties from raising such objections on appeal. Id. "In order 'to preserve for appeal an issue in a magistrate judge's report, a party must object to the finding or recommendation on that issue with sufficient specificity so as reasonably to alert the district court of the true ground for the objection.'" Martin v. Duffy, 858 F.3d 239, 245 (4th Cir. 2017) (quoting United States v. Midgette, 478 F.3d 616, 622 (4th Cir. 2007)).

**IT IS SO RECOMMENDED**.

Signed: March 29, 2022

David C. Keesler
United States Magistrate Judge